No. 15,652.

NORTON *v.* KIRSCHWING, Manager of Safety and Excise.

(164 P. [2d] 471)

Decided December 3, 1945.

Mr. ALBERT T. FRANTZ, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. CARL C. HEARNSBERGER, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as Norton and the Manager, respectively. Norton, licensed thereto, operated an establishment where intoxicating liquor was sold by the drink. He was charged before the Manager with a violation of law by selling to a minor. Upon due notice and hearing the Manager sustained the charge and suspended his license for ninety days. Norton brought this action in the nature of certiorari challenging the jurisdiction of the Manager. On answer and

hearing the court found for the Manager and ordered dismissal with costs. To review that judgment Norton prosecutes this writ.

It is provided that from and after July 1, 1933, the intoxicating liquor traffic shall be controlled "exclusively by or through such agencies and under such regulations as may hereafter be provided by statutory laws." Colo. Const. Art. XXII.

In 1935 the Legislature enacted, that in such cities as Denver, liquor licenses should be issued by the city council and that the "licensing authority hereunder shall have the power * * * to suspend or revoke any license issued by such authority," etc. '35 C.S.A., c. 89, §§15, 23, 24. Hence, says Norton, all power to revoke a liquor license is vested in the city council and the Manager's action, approved by the district court, was beyond his jurisdiction.

It is likewise provided that "the jurisdiction, term of office, duties and qualifications * * * [of the officers of Denver] shall be such as in the charter may be provided." Colo. Const. Art. XX, §2.

Denver's charter provides for a department of safety under the control of the manager of safety, "with full power to grant, renew, suspend during investigation, and revoke after notice and hearing thereon, all licenses." Denver Charter (Compilation 1927), §127. Hence the Manager contends that the power he exercised is expressly vested in him.

In his application for supersedeas Norton says "some four hundred liquor licenses in the City and County of Denver are up for renewal at the end of this year." It is asserted in the Manager's brief that "hundreds of liquor licenses have been issued each year (since 1935) by the proper official designated under section 2, article XX, to issue licenses in Denver," i.e., the officer upon whom that duty devolved by the Denver charter. Counsel for Norton answers the argument based thereon, but does not question the fact. He asserts that the

Manager can not spell out of said section 2 of article XX of the Constitution and said section 127 of the Denver charter "power [in the Manager] to issue, suspend or revoke liquor licenses." Again, "the defendant Manager in matters pertaining to intoxicating liquor has not been vested with the power of a licensing agency by virtue of article XX section 2 [of the Constitution] and said section 127 of Denver's charter."

While not so stating in explicit terms, it is thus inferentially alleged by counsel that all the liquor licenses in Denver, including Norton's, are and have been issued for ten years last past by the Manager of Safety. The law relied upon by each of the litigants, and cited above, makes it perfectly clear that the power to issue and revoke is lodged in the same tribunal, irrespective of whose contention is upheld here, and that this has been true during all the time in question herein. It was therefore perfectly proper on oral argument that the Court should inquire of counsel if it were not a fact that the license claimed by Norton and allegedly suspended by the Manager had in truth been originally issued by the Manager and it was perfectly proper that counsel for both sides should answer that such was the fact.

It therefore appears that Norton has admitted himself out of court. If we hold that the city council alone could revoke Norton's license it follows as the day the night that the city council could alone issue the license, hence Norton has no license. He can not maintain an action to restore something which he never possessed and of which his possession, if he had such, would be illegal. Since he was the plaintiff below judgment of dismissal was proper. Had any other been entered we would be obliged to dismiss the cause here.

The judgment is accordingly affirmed.